Albert Mohr and John Mohr & Sons v. James Kinnane.

1. Instructions—*Not to Assume Facts.*—In an action of trespass for assault and battery, where the evidence is close and conflicting, an instruction which assumes as a fact that violence was used is erroneous, as assuming the pivotal fact in issue, and in such respect is a clear invasion of the province of the jury.

2. Trespass—*Vi et armis—Violence Defined.*—The word violence has, for one of its meanings, an unjust or unwarranted exertion of power.

Trespass.—For assault and battery. Appeal from the Circuit Court of Cook County; the Hon. Abner Smith, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed November 7, 1899.

Walker & Eddy, attorneys for appellants.

No appearance by appellee.

Mr. Justice Shepard delivered the opinion of the court.

To a suit for assault and battery, the defendants, appellants here, pleaded the general issue, and special pleas in justification.

The jury returned a verdict for $100 in appellee's favor, and from the judgement following this appeal is prosecuted.

Where, as here, the testimony upon the main issue is

close and conflicting, it is required that the instructions should be accurate.

The second instruction, given at the request of the plaintiff, appellee, is as follows:

"If the jury believe, from the evidence, that the defendant some time, on or about, etc., struck and kicked the plaintiff, as alleged in plaintiff's declaration, without sufficient provocation therefor, as explained in these instructions, and that the plaintiff was injured by such striking and kicking, and has suffered any damage therefrom, then the jury should find issues for the plaintiff. The court further instructs the jury that if they believe, from the evidence, that the defendant assaulted and beat the plaintiff, as charged in the declaration, then they should find the verdict for the plaintiff, unless they further believe, from the evidence, that such assaulting and beating, when done, were reasonably and apparently necessary in defense, etc., and that the force and violence used by defendant were no more than a reasonable man would have deemed reasonably necessary in such defense."

There was no attempt in this or in any other offered instruction to explain what was meant by, or would in law amount to, "sufficient provocation" to justify the assault, and the jury were, therefore, left free to find the fact in accordance with their own notion of what the law is in such respects.

Again, the latter part of the instruction assumes, as a fact, that violence was used. The plea of justification admitted the use of force, but only to the extent that was necessary to remove the plaintiff from the premises. The word violence has for one of its meanings, an "unjust or unwarranted exertion of power" (Cent. Dict.), and for the court to assume as a fact that it existed or had been exercised, was to assume the pivotal fact in issue, and was in such respect a clear invasion of the province of the jury.

For the error indicated the judgment is reversed and the cause remanded.